**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEKSANDR PETROVICH KAPTYUG,
a.k.a. Aliaksandr Peter Kaptsiuh,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-72857

Agency No. A076-056-978

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Aleksandr Petrovich Kaptyug, a native and citizen of Belarus, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order summarily

affirming an immigration judge's ("IJ") decision denying his applications for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT") and pretermitting his applications for adjustment of status, cancellation of removal, and asylum. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1056 (9th Cir. 2010), and review for substantial evidence the agency's factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's conclusion that Kaptyug did not qualify for withholding of removal because he failed to establish a clear probability of persecution on account of his religion. *See Nagoulko*, 333 F.3d at 1016; 8 C.F.R. § 1208.16(b).

The IJ correctly determined that Kaptyug was ineligible to adjust his status. Kaptyug had previously adjusted his status to that of a lawful permanent resident ("LPR") and therefore cannot "re-adjust" his status to that of an LPR under 8 U.S.C. § 1159, to avoid removal. *See Robleto-Pastora*, 591 F.3d at 1060.

We lack jurisdiction to consider Kaptyug's asylum, cancellation of removal and CAT claims because he failed to exhaust his challenges to the IJ's conclusion that he is ineligible for these forms of relief due to his prior criminal convictions.

*See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks

jurisdiction to review contentions not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**